UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06597-BRO (FFMx) | Date | October 23, 2015 |
|---|---|---|---|
| Title | N.G. V. DOWNEY REGIONAL MEDICAL CENTER, ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [19]

### I. INTRODUCTION

Pending before the Court is a motion to remand filed by Plaintiff N.G. ("Plaintiff"). (Dkt. No. 19.) Plaintiff filed the motion after Defendant Downey Regional Medical Center-Hospital, Inc. ("Downey Regional" or "Defendant") removed this case from the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court"), on August 28, 2015. (Dkt. No. 3.) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L. R. 7–15. For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to state court.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a minor suing by and through her Guardian Ad Litem, Grizel Perez. (Removal, Ex. 1.) On June 3, 2015, Plaintiff initiated this action in the Los Angeles Superior Court, asserting one cause of action for professional negligence resulting from damages Defendant Downey Regional and co-defendant Gil Bender allegedly caused before and during Plaintiff's birth. (*Id.* ¶¶ 1–12.)

Defendant Downey Regional is a privately-owned hospital and surgical center that provides comprehensive medical care to the public. (*Id.* ¶ 4.) Defendant explains in its Notice of Removal that it is authorized to provide healthcare to persons eligible to receive Medicare or Medicaid through the State of California Department of Public Health. (*Id.*

Case 2:15-cv-06597-BRO-FFM  Document 26  Filed 10/23/15  Page 2 of 9  Page ID #:278

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06597-BRO (FFMx) | Date | October 23, 2015 |
|---|---|---|---|
| Title | N.G. V. DOWNEY REGIONAL MEDICAL CENTER, ET AL. | | |

¶ 5.)  As an approved Medicaid and Medicare provider, Defendant contends that it is "required to follow Medicaid/Medicare directives" and is "is expected to comply with utilization and professional protocols decided on by federally designated Quality Improvement Organizations."  (*Id.* ¶ 7.)

Defendant timely removed the matter to this Court on August 28, 2015, invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331.  (Dkt. No. 3.)  Defendant maintains that jurisdiction is appropriate for two reasons: (1) Defendant is a federal officer for purposes of 28 U.S.C. § 1442(a)(1) because it is an approved Medicare and Medicaid provider; and, (2) Defendant is entitled to blanket immunity under 42 U.S.C. § 1320(c)(1–2), which Defendant argues creates a federal question under § 1331.  (Removal, Ex. 1 ¶¶ 7–11.)

On September 8, 2015, the Court ordered Defendant to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction.  (Dkt. No. 13.)  Defendant responded to the Court's Order on September 14, 2015, (Dkt. No. 14), and Plaintiff replied to Defendant's response on September 21, 2015, (Dkt. No. 15).  On September 28, 2015, Plaintiff filed the instant Motion to Remand the case to the Los Angeles Superior Court.  (Dkt. No. 19.)  Defendant then filed its Opposition on October 5, 2015, (Dkt. No. 23), and Plaintiff timely replied on October 12, 2015, (Dkt. No. 25).

## III. LEGAL STANDARD

Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization by Congress.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint.  *See* 28 U.S.C. § 1441(a).  Because federal courts are courts of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes

Case 2:15-cv-06597-BRO-FFM Document 26 Filed 10/23/15 Page 3 of 9 Page ID #:279

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06597-BRO (FFMx) | Date | October 23, 2015 |
|---|---|---|---|
| Title | N.G. V. DOWNEY REGIONAL MEDICAL CENTER, ET AL. | | |

either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13, 27 (1983).

Further, the removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## IV. DISCUSSION

Defendant raises two arguments to support the removal of this action. First, Defendant asserts that it qualifies as a federal officer and that removal was proper under 28 U.S.C. § 1442(a)(1). Second, Defendant claims that it is eligible for immunity under 42 U.S.C. § 1320c-6 and 42 U.S.C. § 1395ff(c)(5) and that such immunity confers federal question jurisdiction. The Court will address each argument in turn.

### A. Standing as a "Federal Officer"

As discussed above, Defendant first argues that subject matter jurisdiction exists in this case under 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Section 1442(a)(1) provides as follows:

> A civil action or a criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

Case 2:15-cv-06597-BRO-FFM Document 26 Filed 10/23/15 Page 4 of 9 Page ID #:280

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06597-BRO (FFMx) | Date | October 23, 2015 |
|---|---|---|---|
| Title | N.G. V. DOWNEY REGIONAL MEDICAL CENTER, ET AL. | | |

28 U.S.C. § 1442(a)(1). The basic purpose of the statute is to

> protect the Federal Government from the interference with its operations that would ensue were a State able, for example, to arrest and bring to trial in a State court for an alleged offense against the law of the State, officers and agents of the Federal Government acting within the scope of their authority.

*Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007) (internal quotation marks omitted). In other words, the statute counteracts any significant risk of state-court prejudice against federal officers. *See id.* at 150–52.

While the removal statute applies to private persons who lawfully assist a federal officer in the performance of his or her official duty, to fall under the scope of the statute, a private person must do more than "simply [comply] with the law." *Id.* at 151–52. Thus, a "highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone." *Id.* at 153. To satisfy the requirement of "acting under" a government agency, a private actor must perform "a job that, in the absence of a contract with a private firm, the government itself would have had to perform." *Id.* at 154.

Here, Defendant's only connection to the Federal Government is that Defendant is a Medi-Cal provider, as Defendant itself is a privately-owned hospital. (Resp. to Order to Show Cause ("Resp.") at 9–10; *see* Mot. at 3.) Defendant implies that by providing medical treatment for patients receiving Medi-Cal benefits, which allows it to receive payments from the Federal Government for providing such treatment, it was assisting a federal officer in the performance of an official duty. (*See* Mot. at 9–10.) However, Defendant has not provided any case law to support this assertion. Under Defendant's line of reasoning, every private medical entity providing medical services for Medi-Cal,[1] Medicare, or Medicaid recipients would be acting under a federal officer for purposes of § 1442(a)(1). Accordingly, every medical malpractice claim filed against such entities that *arises under state law* could be removed to federal court. The Court declines to adopt this broad rule. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (holding that federal courts are of limited jurisdiction); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding that the removal statute is "strictly

---

[1] "Medi-Cal is California's Medicaid program." *Medi-Cal*, CA.GOV, http://www.dhcs.ca.gov/services/medi-cal/Pages/default.aspx (last modified on July 16, 2015).

Case 2:15-cv-06597-BRO-FFM Document 26 Filed 10/23/15 Page 5 of 9 Page ID #:281

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06597-BRO (FFMx) | Date | October 23, 2015 |
|---|---|---|---|
| Title | N.G. V. DOWNEY REGIONAL MEDICAL CENTER, ET AL. | | |

construe[d] . . . against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal").

Defendant further claims that it "perform[s] a task that the United States government would ordinarily do for itself." (*Id.* at 10.) Yet, the United States Government does not ordinarily administer medical treatment to the exclusion of other entities. For instance, both private and government hospitals, such as VA Medical Centers, provide medical treatment to the public. Thus, Defendant cannot claim the government is relying on Defendant to step into the government's shoes to perform a task the government normally reserves for itself. In other words, the government is not outsourcing a government task to Defendant and overseeing Defendant's conduct. Instead, Defendant merely collects Medicare, Medicaid, and/or Medi-Cal payments from the government for providing medical treatment to eligible members of the public.[2]

Even assuming that Defendant qualifies as a person acting under the direction of a federal officer, Defendant fails to establish that the acts forming the basis of the pleading were performed pursuant to the direct orders of the federal officer. Removal under § 1442(a)(1) "'must be predicated upon a showing that *the acts forming the basis of the state suit* were performed pursuant to an officer's direct orders or comprehensive and detailed regulations.'" *Orthopedic Specialists of N.J. PA v. Horizon Blue Cross/Blue Shield of N.J.*, 518 F. Supp. 2d 128, 135 (D.N.J. 2007) (emphasis added) (quoting *N.J. Dep't of Envtl. Prot. v. Dixo Co.*, No. CV 06-1041-SRC, 2006 WL 2716092, at *2 (D.N.J. Sept. 22, 2006)). A private party must also demonstrate that the federal officer had "direct and detailed control" over the action in question. *Id.* at 134 (internal quotation marks omitted).

---

[2] Courts have held that certain private companies which act as fiscal intermediaries for a Medicare program, such as health insurance companies like Blue Cross/Blue Shield, are entitled to removal under § 1442(a)(1). *See Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 57–58 (5th Cir. 1975); *see also Neurological Assocs.--H. Hooshmand, M.D., P.A. v. Blue Cross/Blue Shield of Fla., Inc.*, 632 F. Supp. 1078, 1080 (S.D. Fla. 1986). However, these cases involve plaintiff physicians seeking reimbursement for medical procedures rendered, or seeking damages for wrongful suspension under the Medicare plan. The cases directly pertained to the administration of the Medicare program itself. Unlike those cases, the present case involves a negligence claim. Further, Defendant is not a fiscal intermediary like Blue Cross/Blue Shield, as it is an actual medical care provider rather than an insurer.

Case 2:15-cv-06597-BRO-FFM  Document 26  Filed 10/23/15  Page 6 of 9  Page ID #:282

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06597-BRO (FFMx) | Date | October 23, 2015 |
|---|---|---|---|
| Title | N.G. V. DOWNEY REGIONAL MEDICAL CENTER, ET AL. | | |

Here, Plaintiff alleges a professional negligence claim for the medical treatment performed before and during Plaintiff's birth. (Removal, Ex. 1 ¶¶ 1–12.) Defendant does not contend that the medical services administered were under the direct and detailed control of a federal agency or officer. Rather, Defendant makes a blanket statement that it complies with "utilization and professional protocols decided on by federally designated Quality Improvement Organizations." (*Id.* ¶ 7.) This statement falls short of establishing that the Federal Government directed and controlled the specific conduct that caused Plaintiff's injuries, as it fails to claim that the protocols specifically required Defendant's allegedly negligent actions. Accordingly, Defendant does not qualify as a federal officer or as an entity acting under a federal officer. Thus, removal is improper under 42 U.S.C. § 1442(a)(1) for these reasons.

### B.    Statutory Immunity

Typically, a federal defense is not sufficient to confer federal question jurisdiction. *ARCO Envtl. Remediation, LLC v. Mont. Dept. of Health & Env. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "[A] case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983). "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO*, 213 F.3d at 1113. However, the doctrine of complete preemption is an exception to the general rule. *Haller v. Kaiser Found. Health Plan of the Nw.*, 184 F. Supp. 2d 1040, 1045 (D. Or. 2001).

Under the complete preemption doctrine, "any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). This doctrine applies when the preemptive force of a statute is so strong that it completely preempts an area of state law. *Id.* However, complete preemption is very rare. *ARCO*, 213 F.3d at 1114.

Defendant apparently seeks to invoke the complete preemption doctrine as the basis of federal question jurisdiction by arguing that it is entitled to statutory immunity

Case 2:15-cv-06597-BRO-FFM   Document 26   Filed 10/23/15   Page 7 of 9   Page ID #:283

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06597-BRO (FFMx) | Date | October 23, 2015 |
|---|---|---|---|
| Title | N.G. V. DOWNEY REGIONAL MEDICAL CENTER, ET AL. | | |

under 42 U.S.C. § 1320c-6.[3] (Opp'n at 9.) Section 1320c, *et seq.*, defines Quality Improvement Organizations ("QIO") and establishes the contracting process the Secretary of Health and Human Services must follow when implementing the creation of QIOs. QIOs are peer review organizations that evaluate entities who receive reimbursement under the Medicare program. *See* 42 U.S.C. § 1320c-3. The organizations consider whether a hospital's services are "reasonable or medically necessary," whether the quality of the services meet "professionally recognized standards of health care," and whether the services could be provided "more economically on an outpatient basis or in an inpatient health care facility of a different type." 42 U.S.C. § 1320c-3(a)(1). Based on these factors, QIOs determine whether Medicare payment shall be made for the services claimed by hospitals or physicians. 42 U.S.C. § 1320c-3(a)(2). Specifically, § 1320c-6 provides physicians and other individuals participating in QIOs with immunity for actions taken in compliance with § 1320c. 42 U.S.C. § 1320c-6.

While at first glance § 1320c-6(c) seems to support Defendant's position that physicians and providers are entitled to blanket immunity, a closer reading of the language suggests otherwise. Defendant completely ignores the surrounding sections of the statute and the internal references to other subsections of the statutes. Section 1320c-6(c) falls under the subchapter part entitled "Peer Review of Utilization and Quality of Health Care Services." *See* 42 U.S.C. § 1320c. As discussed above, the subchapter pertains to the functions of peer review organizations. Moreover, Section 1320c-6(c) specifically grants immunity from civil liability to physicians and providers of health care services for "any action taken . . . in compliance with or reliance upon professionally developed norms of care and treatment *applied by an organization under contract pursuant to section 1320c-2*.[4]" 42 U.S.C. § 1320c-6(c) (emphasis added).

---

[3] Defendant does not state its intention to invoke the complete preemption doctrine in its opposition to the motion. However, in Defendant's response to the Court's order to show cause, (Dkt. No. 13), it states, "A Federal Question is presented here because the area of Public Health Care is completely preempted by Medicare for the elderly and Medi-Cal for the poor." (Dkt. No. 14 at 4.)

[4] Section 1320c-2 is entitled "Contracts with quality improvement organizations." The section describes the types of organizations entitled to contract with the Secretary of Health and Human Services and the terms of these contracts. *See* 42 U.S.C. § 1320c-2.

Case 2:15-cv-06597-BRO-FFM Document 26 Filed 10/23/15 Page 8 of 9 Page ID #:284

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06597-BRO (FFMx) | Date | October 23, 2015 |
|---|---|---|---|
| Title | N.G. V. DOWNEY REGIONAL MEDICAL CENTER, ET AL. | | |

Nothing in 42 U.S.C. § 1320c *et seq.* suggests that the statutes were designed to provide private physicians or private hospitals with immunity from malpractice or negligence suits. Further, Defendant does not claim to be part of a QIO, nor does it claim it acted in compliance with a standard of care or treatment applied by a QIO during Plaintiff's birth. Instead, it generally alleges that it "is expected to comply with utilization and professional protocols decided on by federally designated Quality Improvement Organizations." (Removal, Ex. 1 ¶ 7.) Such a claim is too conclusory to establish that Defendant was following QIO directives that specifically apply to labor and delivery when it allegedly caused Plaintiff's injuries. Accordingly, Defendant cannot rely on 42 U.S.C. § 1320c-6 to invoke the statute's immunity and thus cannot create a federal question through its reliance on the complete preemption doctrine. *See, e.g.*, *Schmidt ex rel. Schmidt v. Ramsey*, No. CV 13-143, 2013 WL 6178533, at *3–4 (D. Neb. Nov. 25, 2013) (finding that a nurse and a hospital were not entitled to immunity under 42 U.S.C. § 1320c-6(b) because "[n]othing in 42 U.S.C. § 1320c *et seq* suggests that the statutes were designed to supplant common law tort actions for professional malpractice").

Defendant also claims that it is entitled to immunity under 42 U.S.C. § 1395ff(c)(5). (Opp'n at 9.) Section 1395ff concerns appeals of Medicare eligibility determinations and appeals of Medicare payment determinations. 42 U.S.C. § 1395ff. Specifically, § 1395ff(c)(5) grants immunity to qualified independent contractors who conduct reviews of initial determinations of Medicare benefits. *See* 42 U.S.C. §§ 1395ff(c)(1)–1395ff(c)(5).

Based on a plain reading of 42 U.S.C. § 1395ff, Defendant does not qualify for immunity under this section because it does not claim to be an independent contractor who participates in the Medicare appeal determination process. Further, the statute does not provide immunity to private hospitals for malpractice suits. Accordingly, Defendant cannot rely on 42 U.S.C. § 1395ff to create a federal question based on the complete preemption doctrine.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-06597-BRO (FFMx)** | Date | October 23, 2015 |
|---|---|---|---|
| Title | **N.G. V. DOWNEY REGIONAL MEDICAL CENTER, ET AL.** | | |

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant does not act under a federal officer for purposes of 28 U.S.C. § 1442(a)(1) merely by providing medical services to Medi-Cal recipients. The Court also finds that no federal immunity applies to Defendant, and as such, there is no federal question based on the complete preemption doctrine. Because the negligence claims in this case arise under state law and there is no other basis for subject matter jurisdiction, Plaintiff's Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the Los Angeles Superior Court. The hearing set for October 26, 2015, at 1:30 p.m., is **VACATED**.

**IT IS SO ORDERED.**

:

Initials of Preparer    rf